CHARLES B. JOHNSON, ADMR., ET AL.

*vs.*

C. BRIGHAM COMPANY.

Somerset.    Opinion March 2, 1927.

*When a right is created by statute and a specific remedy is provided, the right can be vindicated in no other way than by pursuing the prescribed course, step by step.*

*A minority stockholder in order to avail himself of the privilege provided under Sec. 61, Chap. 51, R. S., must comply strictly with its provisions, and vote either himself, or by proxy, in the negative on the proposal to sell, and file his written dissent.*

In the instant case the minority stockholder did not vote in the negative, a requisite of the statute and an essential condition precedent.

On appeal.   A petition by a dissenting stockholder under R. S. Chap. 51, Sec, 61, for a judicial determination of the value of his stock in the defendant corporation.   At a meeting of the shareholders of the defendant corporation, at which all the shareholders were present or represented except the petitioner, it was unanimously voted to sell the entire property of the corporation.   The petitioner within the limitation duly filed his written dissent from the action taken.   The question at issue was as to whether the petitioner had complied with the statute by actually voting in the negative on the proposal to sell.   At the close of petitioner's case at the hearing, on motion of counsel for defendant, the bill was dismissed, and an appeal taken.   Appeal dismissed.   Decree below affirmed.

The case appears in the opinion.

*Harry R. Virgin, Edward N. Chase, and Freeman & Freeman*, for plaintiff.

*Bradley, Linnell & Jones, and John F. Cusick*, for defendant.

SITTING: PHILBROOK, DUNN, DEASY, STURGIS, BARNES, PATTANGALL, JJ.

DUNN, J. An appeal from the decree which, by dismissing a petition under the Minority Stockholders Act, (R. S., chap. 51, sec. 60 et seq.), on the ground that no case had been made out, denied the valuing of certain shares of capital stock.

Conferring rights, the act provides in effect that, in the instance of a solvent going corporation, the majority stockholders whereof have voted to sell its entire property, otherwise than in the ordinary and usual course of business, any minority stockholder who voted in the negative on the proposition of selling may, after the filing of written dissent, if the corporation does not petition, himself petition for the corporation to pay the value of his shares, as the same shall be judicially determined. Time limitations are of unimportance on the present record.

Notwithstanding that he voted differently, the minority stockholder will be bound by the majority decision, unless he confirm his preference by writing. Section 65.

On petition and hearing, it is for the court to fix a valuation on the minority stock, and give judgment.

When the judgment is satisfied, the stock passes to the corporation, and the stockholder retires. Section 63.

The remedy rests wholly upon the statute, and is enforceable only on making evident that conditions precedent had been observed. First, it must be established that on the proposal to sell he who invokes relief voted in the negative. The minority stockholder, or his proxy, must have done the active, positive thing of recording a vote against selling.

That such vote was not recorded is the crux of this proceeding.

The corporation of C. Brigham Company was not insolvent or in failing condition. Of shares of stock, three thousand were outstanding. At the meeting on May 1, 1922, no action was taken on whether the business be sold out and the assets conveyed, because of the absence of a quorum. Adjournment to another day one fortnight ahead was made.

Next time, all the stockholders were present or represented, but the owner of sixty-nine shares, he who later filed the petition. It was voted that, for the consideration of shares in another company, there be sold to that company by the Brigham corporation its property and rights of every kind, except its right to be an artificial being. The vote was unanimous.

Seasonably after the meeting, the owner of the sixty-nine shares filed his written dissent. .

The corporation never petitioned to have the shares valued. But the owner did. An interposed demurrer was not pressed. Answer was made, and the case of the petitioner heard. On suggestion of the death of the petitioner, the cause was revived for his administrator and for trustees. They prosecuted. Then came the decree, and the appeal. .

It is the position of appellants that the minority stockholder must be held to have voted in the negative in the sense that he did not vote in the affirmative. The argument is that his not having been present and voted, followed by the fact of his later dissent, is equivalent to his having voted in the negative at the time that the other stockholders actually voted in the affirmative.

The primal requisite of the statute is a vote which refused assent. This essential condition the petitioner did not meet.

When a right is created by statute, and a specific remedy is provided, the right can be vindicated in no other way than by pursuing the prescribed course, step by step.

It was proper to dismiss the petition.

And the appeal ends.

*Appeal dismissed.*
*Decree below affirmed.*